IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAREN SUE MAINWARING,                        6:16-cv-00082-BR

        Plaintiff,                     OPINION AND ORDER

v.

NANCY A. BERRYHILL,
Acting Commissioner, Social
Security Administration,[1]

        Defendant.


KATHERINE L. EITENMILLER
MARK A. MANNING
Harder, Wells, Baron & Manning
474 Willamette, Suite 200
Eugene, OR 97401
(541) 686-1969

       Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

    [1]  On January 23, 2017, Nancy A. Berryhill was appointed
Acting Commissioner of the Social Security Administration and
pursuant to Federal Rule of Civil Procedure 25(d) is substituted
as Plaintiff in this action.


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**ALEXIS L. TOMA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2950

       Attorneys for Defendant

**BROWN, Judge.**

       Plaintiff Karen Sue Mainwaring seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

       For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

       Plaintiff protectively filed her application for DIB and SSI benefits on March 29, 2012. Tr. 24.[2] Plaintiff alleged a disability onset date of December 12, 2007. Tr. 24. Plaintiff's

---

[2] Citations to the official transcript of record filed by the Commissioner on June 3, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

application was denied initially and on reconsideration.   An
Administrative Law Judge (ALJ) held a hearing on January 24,
2014.   Tr. 42-80.   Plaintiff and a vocational expert (VE)
testified.   Plaintiff was represented by an attorney at the
hearing.

On June 6, 2014, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.   Tr. 24-35.   On June 23, 2014, Plaintiff requested
review by the Appeals Council.   Tr. 18.   On November 13, 2015,
the Appeals Council denied Plaintiff's request to review the
ALJ's decision, and the ALJ's decision became the final decision
of the Commissioner.   Tr. 2-5.   *See Sims v. Apfel*, 530 U.S. 103,
106-07 (2000).

On January 19, 2016, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on September 30, 1962.   Tr. 34.
Plaintiff was 51 years old at the time of the hearing.   Plaintiff
achieved a GED and completed some college, but she did not earn a
degree.   Tr. 50-51.   The ALJ found Plaintiff has worked as a
flagger and warehouse worker, but she is unable to perform any
past relevant work.   Tr. 34.

Plaintiff alleges disability due to severe migraines, post-

traumatic stress disorder (PTSD), hypertension, depression, adjustment disorder, and suicidal tendencies and thoughts. Tr. 81.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 29-34.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42

U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

6 – OPINION AND ORDER

regular and continuing basis despite her limitations.   20 C.F.R.
§§ 404.1520(e), 416.920(e).   *See also* Social Security Ruling
(SSR) 96-8p.   "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."   SSR 96-8p,
at *1.   In other words, the Social Security Act does not require
complete incapacity to be disabled.   *Taylor v. Comm'r of Soc.
Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair
v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.   20 C.F.R. §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv).   *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.   20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v).   *See also Keyser*, 648 F.3d at 724-25.   Here the
burden shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can perform.
*Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th
Cir. 2010).   The Commissioner may satisfy this burden through the
testimony of a VE or by reference to the Medical-Vocational
Guidelines set forth in the regulations at 20 C.F.R. part 404,
subpart P, appendix 2.   If the Commissioner meets this burden,
the claimant is not disabled.   20 C.F.R. §§ 404.1520(g)(1),

416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since December 12, 2007, the alleged date of onset.  Tr. 26.

At Step Two the ALJ found Plaintiff has the severe impairments of migraine headaches, hypertension, major depressive disorder, anxiety disorder, right-knee degenerative joint disease, and undifferentiated somatoform disorder.  Tr. 26.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 27.  The ALJ found Plaintiff has the RFC to perform light work; can lift/carry 20 pounds occasionally and 10 pounds frequently; can sit for six hours in an eight-hour workday; can stand/walk for about six hours in an eight-hour workday with the ability to change positions every 30 minutes; should avoid ladders, ropes, and scaffolds; can occasionally climb stairs and ramps; can occasionally stoop and crouch; should avoid kneeling and crawling; must avoid workplace hazards such as unprotected heights or dangerous machinery; must not be exposed to noise or flashing lights in concentrations greater than those generally found in the ordinary office-type environment; can

understand, remember, and carry out only simple instructions that can be learned in 30 days or less; and can have occasional contact with the public.  Tr. 29.

At Step Four the ALJ concluded Plaintiff is unable to perform any past relevant work.  Tr. 34.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy.  Tr. 34-35. Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) discredited Plaintiff's symptom testimony, (2) improperly evaluated the medical evidence, and (3) failed to meet her burden at Step Five.

## I.  The ALJ did not err when she found Plaintiff's testimony was not credible.

Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons to support her finding that Plaintiff's testimony was not entirely credible.

### A.  Standards

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments and must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th

9 - OPINION AND ORDER

Cir. 1986).  The claimant, however, need not produce objective
medical evidence of the actual symptoms or their severity.
*Smolen*, 80 F.3d at 1284.

      If the claimant satisfies the above test and there is
not any affirmative evidence of malingering, the ALJ can reject
the claimant's testimony only if she provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834
(9th Cir. 1995)).  General assertions that the claimant's
testimony is not credible are insufficient.  *Id.*  The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints."  *Id.* (quoting *Lester*, 81
F.3d at 834).

      **B.    Analysis**

      Plaintiff testified at the hearing on January 14, 2014,
that she cannot work due to migraines that she suffers from "six
to seven times a month, sometimes more," and that last from "two
to 14 days."  Tr. 53.  At the time of the hearing Plaintiff wore
sunglasses because she had a headache.  Tr. 45.  Plaintiff also
testified her migraines have "never been controlled with
medication," but she stated she takes Valium for them and that
"sometimes" Valium makes her "functional."  Tr. 54.  Plaintiff
further testified her fibromyalgia, bad knee, and back problems
cause her pain, limit her ability to walk and to stand, require

10 - OPINION AND ORDER

her to use a cane, and make it difficult for her to sit for more than 20 minutes.  Tr. 54, 58-59.  Plaintiff also stated she can't "focus" and "get[s] confused."  Tr. 55.

        The ALJ concluded Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely credible."  Tr. 30.  The ALJ identified specific evidence in the record to support her determination that Plaintiff's testimony was not credible.  Tr. 30-32.  For example, although Plaintiff alleged significant pain from her fibromyalgia, the medical records indicate Plaintiff tends to "exaggerate" or to "overstate" her complaints, and she was "somewhat dramatic" when describing her pain.  Tr. 31, 389, 409. The ALJ also noted Plaintiff's demeanor at the time of the hearing "did not have the appearance of a person who was suffering from a debilitating headache."  Although an ALJ cannot rely on her personal observations of a plaintiff's purported lack of pain behavior as a basis for discrediting the plaintiff's testimony, inclusion of the ALJ's personal observations does not render her decision improper.  *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999)(rejecting the "sit and squirm" test of credibility).  Here the ALJ stated, however, that Plaintiff's lack of pain behavior was "only one among many observations" she

11 - OPINION AND ORDER

relied on to reach her conclusion that Plaintiff's testimony was not credible.  Tr. 30.

Although Plaintiff testified she had significant anxiety and depression symptoms, the ALJ noted these symptoms were not reported to physicians with any frequency.  The ALJ noted Scott Alvord, Psy.D., a consultative psychological examiner, observed Plaintiff downplayed psychiatric distress in favor of other pain and migraine headaches.  Tr. 31, 389-90.  The ALJ also noted Plaintiff had substantial gainful employment in only one of the past fifteen years, and that poor work history raised credibility concerns regarding Plaintiff's motivation to seek and to maintain employment.  Tr. 32.

On this record the Court finds the ALJ did not err when she found Plaintiff's testimony was not credible because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## II.   The ALJ did not err in her evaluation of the medical evidence.

Plaintiff contends the ALJ failed to provide legally sufficient reasons for discounting the opinions of Plaintiff's treating physicians Gulrukh Rizvi, M.D., and James Kiley, M.D., and the opinion of Plaintiff's mental-health clinician Noelle Osborn, MEd, MFR, QMHP.

### A.   Standards

An ALJ may reject an examining or treating physician's

12 - OPINION AND ORDER

opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).  The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Medical sources are divided into two categories: "acceptable" and "not acceptable."  20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.902.  Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  SSR 06-03p, at *2.  Factors the ALJ should consider when determining the weight to give an opinion from those "important" sources include the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant, the consistency of the source's

13 - OPINION AND ORDER

opinion with other evidence in the record, the relevance of the source's opinion, the quality of the source's explanation of his opinion, and the source's training and expertise.  SSR 06-03p, at *4.  On the basis of the particular facts and the above factors, the ALJ may assign a "not acceptable" medical source opinion either greater or lesser weight than that of an acceptable medical source.  SSR 06-03p, at *5-6.  The ALJ, however, must explain the weight assigned to such sources to allow the claimant or subsequent reviewer to follow the ALJ's reasoning.  SSR 06-03p, at *6.

**B.    Drs. Rizvi and Kiley.**

Plaintiff contends the ALJ did not provide a legally sufficient basis to discredit the reports of Plaintiff's treating physicians.

On September 19, 2013, Dr. Rizvi prepared an Impairment Questionnaire at the request of Plaintiff's attorney.  Tr. 440-44.  Dr. Rizvi estimated Plaintiff was able to perform a job in a seated position for less than one hour, perform a job in a standing and/or walking position for one hour, and needed to take unscheduled breaks to rest every half-hour.  Tr. 442.  Dr. Rizvi indicated his evaluation was completed "per patient report" with Plaintiff "answering questions about her ability to do certain tasks as [Dr. Rizvi] had no way to assess this without a PT referral which [Plaintiff] cannot afford."  Tr. 518.

14 - OPINION AND ORDER

On October 2, 2013, Dr. Kiley prepared a Headaches Impairment Questionnaire.  Tr. 452-457.  Dr. Riley also indicated he relied on Plaintiff's self-reported symptoms and limitations in making his assessments that included Plaintiff's inability to tolerate even "low stress" work.  Tr. 456.

The ALJ may reasonably discount a treating physician's opinion if it is based largely on the claimant's self-reporting. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Here the ALJ gave "little weight" to the reports of Drs. Rizvi and Kiley because they were dependent on Plaintiff's self-reporting and "not based on clinical findings or other objective evidence."  Tr. 32.

Accordingly, on this record the Court concludes the ALJ did not err when she gave little weight to the reports of Plaintiff's treating physicians because the ALJ provided legally sufficient reasons supported by the record for doing so.

### C.    Mental-Health Clinician (MHC) Osborn

The Plaintiff also contends the ALJ improperly discredited the opinion of MHC Osborn.

On October 8, 2013, MHC Osborn submitted a letter in support of Plaintiff's application for disability benefits.  She stated Plaintiff has "symptoms of anxiety and depression" and "becomes easily overwhelmed by being over stimulated and requires opportunities to ground herself when her anxiety spikes."

Tr. 458.  MHC Osborn concluded Plaintiff's "mental health symptoms hinder her ability to participate in employment." Tr. 458.  Because MHC Osborn, a mental-health clinician, is classified as a "not acceptable" medical source, the ALJ may properly discount MHC Osborn's assessment by providing reasons that are "germane" to her opinion.

The ALJ gave "little weight" to MHC Osborn's opinion on the grounds that "she provided no functional limits" to support her assessment of Plaintiff mental health and Plaintiff had refused mental-health medications to aid in the treatment of any such mental impairments.  Tr. 33.

On this record the Court concludes the ALJ provided sufficient "germane" reasons for discounting the opinion of MHC Osborn.

III. **The ALJ did not fail to meet her burden at Step Five.**

Plaintiff contends the ALJ failed to meet her burden at Step Five on the ground that the ALJ's hypothetical to the VE did not include all of Plaintiff's limitations as a result of improperly discounting the reports of Dr. Rizvi, Dr. Kiley, MHC Osborn, and Plaintiff herself.

If the ALJ finds Plaintiff is unable to perform her past relevant work at Step Five, the ALJ bears the burden to establish that Plaintiff has the ability to perform other work.  Here, as noted, the ALJ determined Plaintiff was unable to perform any

past relevant work.  Tr. 34.  The ALJ, however, concluded Plaintiff has the RFC to perform the full range of light work[3] with the additional limitations that she can sit for six hours in an eight-hour workday; can stand/walk for about six hours in an eight-hour workday with the ability to change positions every 30 minutes; should avoid ladders, ropes, and scaffolds; can occasionally climb stairs and ramps; can occasionally stoop and crouch; should avoid kneeling and crawling; must avoid workplace hazards such as unprotected heights or dangerous machinery; must not be exposed to noise or flashing lights in concentrations greater than those generally found in the ordinary office-type environment; can understand, remember, and carry out only simple instructions that can be learned in 30 days or less; and can have occasional contact with the public.  The ALJ's hypothetical posed to the VE properly included the limitations of light work and was based on substantial medical evidence in the record.  *See* *Osenbrock v. Apfel*, 240 F3.d 1157, 1165 (9th Cir. 2001).  The ALJ's hypothetical also included Plaintiff's age, education, work experience, and the limitations set out in the ALJ's evaluation of Plaintiff's RFC.

Based on the ALJ's hypothetical, the VE testified there are jobs that exist in significant numbers in the national economy

---

[3]  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  20 C.F.R. §§ 404.1567(b), 416.967(b).

that Plaintiff can perform such as part sorter, linen folder, and hand packager.  The ALJ, therefore, found Plaintiff is not disabled.  Tr. 34.

On this record the Court concludes the ALJ did not err at Step Five when she found Plaintiff is able to perform jobs that exist in significant numbers in the economy.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 7ᵗʰ day of March, 2017.


ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER